26-cv-4528 KMM/JFD

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

RECEIVED
BY MAIL
OCT 19 2026
CLERK, U.S. DISTRICT COURT
ST. PAUL, MN

Duwayne Dimitrious Davis,

Plaintiff,

vs.

City of Saint Paul, Minnesota;

Ramsey County, Minnesota;

Officer Mihigo, individually and in his official capacity; and

John Doe Officers 1 through 10,

Defendants.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(42 U.S.C. § 1983)

SCANNED
OCT 19 2026
U.S. DISTRICT COURT ST. PAUL

Case No.: (To be assigned by Clerk)

Jury Trial Demanded

## I. BASIS FOR JURISDICTION

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, protecting citizens against unreasonable searches and seizures, warrantless electronic tracking, excessive force, false imprisonment, and the unlawful deprivation of property without due process.

## II. STATEMENT OF CLAIM

1 Warrantless Electronic Surveillance: On June 24, 2026, Defendants targeted, stalked, and tracked the Plaintiff's vehicle across municipal and county lines using automated Flock Safety license plate readers (ALPR) and airborne thermal drone surveillance. Defendants possessed absolutely no search warrants, no judicial authorization, and no probable cause to execute this intrusive electronic tracking.

2 Fabricated Pretext and Visual Defiance: The administrative pretext for the tracking and subsequent traffic stop was a three-day-old investigative "CUS alert" lead originating from Dakota County regarding the Plaintiff's brother, Pierre Davis. Pierre Davis possessed no active arrest warrants and no legal connection to the vehicle. Crucially, Defendant Officer Mihigo personally observed the Plaintiff walk up to his 2021 Jeep Cherokee and get inside completely alone.

Defendants possessed definitive visual confirmation that the subject of the out-of-county lead was entirely absent prior to activating their emergency equipment.

3 Tactical Ambush and Excessive Force: Defendants executed a high-risk tactical ambush on the highway using five to six squad cars to box in the Plaintiff's vehicle. Multiple officers advanced with firearms drawn and pointed directly at the Plaintiff, physically striking his car multiple times. Officers intentionally muted their body-worn camera audio tracks and suppressed the thermal drone logs to scrub the structural record of their excessive force and hide the Plaintiff's immediate compliance and desperate queries of "What did I do?"

4 False Imprisonment and Unlawful Property Handover: Following the stop, Plaintiff was subjected to a severe act of false imprisonment, being locked up in a jail cell without any legitimate legal foundation. On the scene, the arresting Saint Paul police officer committed a severe procedural violation by verbally telling the Ramsey County sheriff deputies that they could "keep the truck" because the Saint Paul Police Department did not need it. The vehicle was turned over without statutory authority or an active civil forfeiture complaint.

5 Ongoing Hardship and Extortion: The state has held the Plaintiff's vehicle hostage for over four months without filing a formal civil lawsuit, utilizing bad-faith verbal plea agreements in the separate criminal case to hold the property hostage.

This has caused severe emotional distress, deep public humiliation, acute mental trauma, and ongoing severe pain and suffering, while forcing the Plaintiff into crushing, unpayable debt on his car note while maintaining a completely clean background record.

III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Duwayne Dimitrious Davis respectfully requests that this Court enter judgment against the Defendants and grant the following relief:

• Compensatory and Punitive Damages: Award a total financial judgment of $750,000 split across actual economic damages for vehicle destruction, lost wages, and car note interest, and substantial punitive damages against the individual officers and departments to punish their callous, reckless indifference to constitutional limits;

• Emergency Injunctive Relief: Order the immediate, unconditional release and return of the 2021 Jeep Cherokee (VIN: 1C4PJLLB5MD237267) to the Plaintiff's possession with an absolute, permanent waiver of all accumulated storage, towing, or impound fees; and

• Discovery Mandate: Compel the immediate production of all unedited, un-sliced video and audio files from every squad car present at the scene, alongside the raw, unaltered digital system audit logs and drone flight metadata.

Dated: October 9, 2026

Respectfully submitted,

Duwayne Davis,

Plaintiff Pro Se